IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **KENNETH RANSON,**<br><br>    **Plaintiff,**<br><br>vs.<br><br>**KRUSE, LANDA, MAYCOCK, & RICKS, LLC,**<br><br>    **Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No.  2:11CV1040 |

    This matter is before the court on a Motion to Dismiss filed by Defendant Kruse, Landa, Maycock, & Ricks, LLC ("KLMR").  The court has carefully reviewed the written memoranda submitted by the parties, including the Sur-Response Memorandum, which the court permitted Plaintiff to file, and the reply to the Sur-Response Memorandum, which the court permitted Defendant to file.  Pursuant to local rule 7-1(f), the court has concluded that oral argument would not be helpful or necessary, and thus the court will determine the motion on the basis of the written memoranda.  *See* DUCivR 7-1(f).

    In the instant motion, Defendant argues that the action should be dismissed in its entirety because it is barred by both the statute of limitations and the doctrine of res judicata, and because Plaintiff has failed to plead a plausible claim.  In addition, Defendant also seeks dismissal based on Plaintiff's failure to join the State of Utah as a party.  Plaintiff, who is proceeding pro se,

disagrees and contends that the case must be decided by a jury because factual questions exist. Plaintiff also argues that the court treat the motion as one for summary judgment because Defendant has relied on documents outside the pleadings.

While a court typically must convert a motion to dismiss to a motion for summary judgment when the court considers matters outside the pleadings, a court need not do so when the matters outside the pleadings consist of "facts which are a matter of public record." *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006), *cert. denied*, 549 U.S. 1209 (2007). Many courts, including the Tenth Circuit, have held that it is proper to consider prior state court pleadings when reviewing a Rule 12(b)(6) motion to dismiss because the state court pleadings are matters of public record. *See Rose v. Utah State Bar*, 471 Fed. Appx. 818, 2012 WL 975422, *1 (Mar. 23, 2012 10th Cir.) (order and judgment holding that it was proper for district court to take judicial notice of earlier state court proceedings and not convert the Rule 12(b)(6) motion to dismiss to one for summary judgment); *Amphibious Partners, LLC v. Redman*, 534 F.3d 1357, 1361-62 (10th Cir. 2008); *see also Q Int'l Courier, Inc. v. Smoak*, 441 F.3d 214, 216 (4th Cir.2006) ("When entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact."). Accordingly, the court in the instant case may consider and take judicial notice of the pleadings from the state court action involving KLMR and Ranson because they are matters of public record, and the court need not convert the motion to a motion for summary judgment.

In addition, the court reads pro se complaints more liberally than those composed by

lawyers and, while the court does not hold a pro se plaintiff to the standard of a trained lawyer, the court relies on the plaintiff's statement of his own cause of action. *See Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1024 (10th Cir.2012). "Notwithstanding the liberal construction afforded pro se filings, this court will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted). The Tenth Circuit has repeatedly "insisted that pro se parties follow the same rules of procedure that govern other litigants." *Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir .2009) (internal quotation marks omitted).

## I.  BACKGROUND

The following allegations are assumed to be true for purposes of the instant motion. On September 7, 2004, Plaintiff Kenneth Ranson signed a fee agreement with Defendant Kruse, Landa, Maycock,,and Ricks, LLC ("KLMR"), to represent Plaintiff in divorce proceedings. Plaintiff is a resident of Utah, and KLMR is a private law firm incorporated in Utah. Bridget Romano, an attorney for KLMR, represented Plaintiff at the four-day bench trial held on August 16, 17, 15, and 29, 2005 concerning Plaintiff's divorce.

In preparation for trial, Plaintiff prepared and gave to Romano a list of expenses during marriage to use in his case. During this time of preparation, Plaintiff alleges he became concerned that Romano did not intend to seek alimony on his behalf, and he claims that during the trial, Romano deliberately withheld from the court Plaintiff's standard of living during marriage and refused to present expert testimony on Plaintiff's behalf.

3

At the conclusion of the trial, the state court judge awarded Plaintiff over $300,000 in assets but also ruled that Plaintiff was not entitled to alimony. Plaintiff was disappointed with the ruling and felt that Romano had failed to adequately represent him, particularly with respect to his request for alimony. In February 2006, Plaintiff filed a pro se motion for a new trial on the grounds of ineffective assistance of counsel. The Plaintiff's affidavit in support of the motion discussed the purported failures and actions by Romano. The motion was denied on April 11, 2006. Plaintiff then appealed the findings of fact, conclusions of law, decree, and the ruling on his motion for a new trial. In a memorandum decision, the Utah Court of Appeals affirmed the trial court's decisions.[1]

In October 2009, KLMR filed a Complaint against Plaintiff in state court because he had failed to pay the fees and costs owed to KLMR under the terms of the parties' fee agreement. In response, Plaintiff filed an Answer and a Counterclaim, where he asserted, among other claims, claims for legal malpractice, violation of constitutional rights (due process and equal protection), conspiracy, gender discrimination, fraud in the inducement, and fraud in the execution. KLMR responded to Plaintiff's counterclaim by filing a Motion to Dismiss and/or for Judgment on the Pleadings. In June 2010, the state court judge dismissed all of Plaintiff's counterclaims, with the exception of the fraud in the inducement claim, which was ultimately dismissed on November 30, 2010.

Plaintiff has now filed this 42 U.S.C. § 1983 action against KLMR, asserting that KLMR

---

[1] A summary of the history of this divorce case is found at Docket No. 4, Ex.1, at 35-36 of 62 (June 22, 2010 Memorandum Decision issued by the Third Judicial District Court for the State of Utah).

4

violated his due process and equal protection rights under the Constitution – the same claims that were previously dismissed by the state court.  Plaintiff alleges in his Complaint that his § 1983 action against KLMR is proper because KLMR is a state actor under the joint action and state compulsion test.  To support this allegation, Plaintiff claims that KLMR acted in concert with, or received encouragement from, the State of Utah, its courts, and its Attorney General's Office to deprive Plaintiff of his civil rights.

Additionally, Plaintiff alleges that in the entire history of Utah divorce cases, there is not a single case in which the husband, after a marriage of long duration, has received alimony, and Plaintiff suggests that this is a result of the influence of the policies of the Church of Jesus Christ of Latter-day Saints on the State of Utah.  Plaintiff further alleges that Ms. Romano sought to represent him because she recognized that she could obtain "great credit" in the Utah legal community by ensuring Plaintiff lost his case.  Specifically, Plaintiff believes that Ms. Romano would not have been given a position with the Utah State Attorney General's office if she had won Plaintiff's divorce case.  KLMR has moved to dismiss Plaintiff's Complaint.

## II.  DISCUSSION

Defendant moves to dismiss the Complaint, asserting that the action is barred by both the statute of limitations and the doctrine of res judicata.  Defendant also seeks dismissal based on Plaintiff's failure to plead a plausible claim and on Plaintiff's failure to join the State of Utah as a party.

**A.     Statute of Limitations**

"The statute of limitations period for a § 1983 claim is dictated by the personal injury

statute of limitations in the state in which the claim arose." *McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011).  The statute of limitations period for bringing a personal injury action in Utah is four years.  *See* Utah Code Ann. § 78B-2-307(3); *Sheets v. Salt Lake County*, 45 F.3d 1383, 1387 (10th Cir. 1995) *cert. denied*, 516 U.S. 817 (1995).   However, although state law dictates the statute of limitations period for a § 1983 claim, "federal law, not state law, controls the issue of when a federal cause of action accrues." *Indus. Constructors Corp. v. U.S. Bureau of Reclamation,* 15 F.3d 963, 968 (10th Cir. 1994); *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008).  The accrual date for a § 1983 cause of action "begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." *Indus. Constructors* Corp., 15 F.3d at  969; *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) ("Civil rights actions accrue when facts that would support a cause of action are or should be apparent") (internal quotations and citations omitted).  In determining the time at which a § 1983 action begins to run, "the proper focus is on the time of the *discriminatory act*, not the point at which the consequences of the act become painful." *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981) (emphasis in original).

In this case, Defendant argues that the instant action was filed well beyond the four-year limitations period.  Plaintiff, however, argues that a jury must make a determination of date of accrual based on a factual inquiry.  Plaintiff further asserts that the existence of his injury was concealed from him by Defendant, and thus, an equitable tolling should be applied and a jury should determine when it would have been reasonable to discover the facts underlying the cause of action.

Even if equitable tolling were applied, the tolling would not be sufficient to make the Complaint timely.   It is undisputed that Plaintiff knew of the existence of his injury, at the latest, by February 24, 2006, when Plaintiff submitted a sworn affidavit in support of his *pro se* motion for a new trial in divorce case.   In the affidavit, Plaintiff asserted that Ms. Romano failed to adequately represent him for discriminatory reasons and that she was the cause of his injury. Therefore, by his own admission, Plaintiff knew of the facts underlying this current cause of action more than four years before Plaintiff filed the instant Complaint on November 14, 2011. Moreover, the state court judge actually ruled that Plaintiff was aware of his cause of action in August 2005, when his divorce trial ended, and held that Plaintiff's claim was barred by the statute of limitations.[2]   Thus, there is no fact-dependent legal question for a jury to decide. Plaintiff's claim is untimely and must be dismissed.

**B.    Res Judicata**

When a federal court is asked to determine whether a claim before it is precluded by a previous state court decision, the federal court must look first to the preclusion principles of the state in which the state court decision was rendered. *See Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 380-83 (1985) (quoting 28 U.S.C. § 1738).

The doctrine of res judicata embraces two distinct branches: claim preclusion and issue preclusion.  *See Swainston v. Intermountain Health Care*, 766 P.2d 1059, 1061 (Utah 1988). Claim preclusion involves the same parties or their privies and also the same cause of action, and this precludes the relitigation of all issues that could have been litigated as well as those that

---

[2]  See Docket No. 4, Ex. 1, Mem. Decision at 50-51 of 62.

were, in fact, litigated in the prior action. *Macris & Assoc., Inc. v. Neways, Inc.*, 16 P.3d 1214, 1219 (Utah 2000) (internal quotations and citations omitted). "Issue preclusion, on the other hand, arises from a different cause of action and prevents parties or their privies from relitigating facts and issues in the second suit that were fully litigated in the first suit." *Id*. While "both branches of res judicata serve the important policy of preventing previously litigated issues from being relitigated, different rules govern each branch." *Id*. (internal quotation and citation omitted) quoting *Salt Lake City v. Silver Fork Pipeline Corp.*, 913 P.2d 731, 733 (Utah 1995)).

      Claim preclusion bars a subsequent case of action if three requirements are satisfied: First, both cases must involve the same parties or their privies. Second, the claim that is alleged to be barred must have been presented in the first suit or must be one that could and should have been raised in the first action. Third, the first suit must have resulted in a final judgment on the merits. *Id*. at 1219; *Madsen v. JPMorgan Chase Bank, N.A.*, ___ P.3d ___, 2012 WL 3639706 *2 n.2 (August 24, 2012 Utah) (clarifying that the first suit–not the specific claim–must have resulted in a judgment on the merits and overruling *Brigham Young University v. Tremco Consultants, Inc.* 110 P.3d 678 (Utah 2005), to the extent it suggested otherwise)).

      In this case, while it is clear that Plaintiff's civil rights counterclaim was dismissed for failure to state a claim in the state court action, it appears that the state court action is ongoing, and thus, there is no final judgment.[3] Accordingly, this court cannot find that claim preclusion

---

[3] Defendant does not argue that they received certification under Rule 54(b) of the Utah Rules of Civil Procedure. That rule states that unless entry of a final judgment is properly directed by the trial court in accordance with this rule, "any order . . . that adjudicates few than all the claim or the rights and liabilities of few than all the parties shall not terminate the action as to any of the claims or parties, and the order . . . is subject to revision at any time before the entry of

bars the claim. However, the claim is barred by the *Younger* absention doctrine. *Younger v. Harris*, 401 U.S. 37 (1971). Abstention is required where (1) there is an ongoing state . . . . civil proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state in interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir.1999) (internal quotation marks omitted). "Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir.2003).

      Here, Defendant in this case brought a state court action to enforce the fee agreement between Plaintiff and Defendant, and Defendant then brought counterclaims, thus satisfying the first *Younger* condition. Plaintiff has not established that he has been prevented from presenting his claims in the state court; rather, he did in fact present his civil rights claim there. Finally, the third condition is also established because the contract issue that is at the root of the state court action is a traditional state law matter that implicate important state interests, and there is no reason that a state court cannot adjudicate state or federal civil rights claims that a plaintiff asserts as counterclaims in a contract dispute. Moreover, there is nothing that suggests that there

---

judgment." Thus, until the state court enters final judgment, the order dismissing Plaintiff's counterclaims is an interlocutory order. 18B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, <u>Federal Practice and Procedure</u> § 4478.1, at 692 (2d ed. 2002) ("[U]ntil the court expressly directs entry of final judgment, an order that resolves fewer than all of the claims among all of the parties 'is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.'").

extraordinary circumstances that would render *Younger* abstention inappropriate. Thus, the claim must be dismissed under *Younger*.[4]

## C.    Rule 12(b)(6)

As stated above, Plaintiff's claim is barred by the statute of limitations and also under the *Younger* abstention doctrine. But even if it were not barred for these two independent reasons, Plaintiff's claim would be dismissed for failure to state a plausible claim. Under Rule 8(a)92) of the Federal Rules of Civil Procedure ("FRCP"), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The United States Supreme Court clarified this pleading standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009): to withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A plaintiff must "nudge [his] claims across the line from conceivable to plausible" in order to survive a motion to dismiss. *Id*.

As the Tenth Circuit set forth in *Khalik v. United Air Lines*, 671 F.3d 1188 (10th Cir 2012), the Supreme Court "explained two principles underlying the new standard: (1) when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions,'" *Id.* at 1190 (quoting *Iqbal*, 129 S.Ct. at 1949, and (2) "'only a complaint that states a plausible claim for relief survives a motion to dismiss.'" *Id.* at 1190 (quoting *Iqbal*, 129 S.Ct. at 1950). "Thus, mere

---

[4] The court notes, however, that once final judgment is entered in the state court action, Plaintiff's claim would be barred in this court under the issue preclusion doctrine.

'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice." *Id.* at 1191 (quoting *Twombly*, 550 U.S. at 555).   Accordingly, "in examining a complaint under Rule 12(b)(6), a court will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Id*.

In order for a claim to proceed under 42 U.S.C. § 1983, a plaintiff must show that they were deprived of a constitutional right "under color of state law." *Filarsky v. Delia*, 132 S.Ct. 1657, 1616 (2012).   To determine if a private party is acting under color of state law, "first the deprivation must be caused by the exercise of some right or privilege created by the State," and "second, the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co., Inc.*, 102 S.Ct. 2744, 2753-54 (1982).  A private party is a state actor when he is "a willful participant in joint activity with the State or its agents," *United States v. Price*, 86 S. Ct. 1152, 1157 (1966), or when a State "has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Blum v. Yaretsky*, 102 S.Ct. 2777, 2786 (U.S. 1982).

Here, Plaintiff's conclusory allegations claiming that KLMR is a state actor under the joint action and state compulsion test are completely unsupported by fact and are based merely on speculation.   As the Tenth Circuit has stated, "when a plaintiff attempts to assert the state action required for a § 1983 action against private actors based on a conspiracy with government actors, mere conclusory allegations with no supporting factual averments are insufficient." See *Beedle v. Wilson*, 422 F. 3d 1059, 1073 (10th Cir. 2005) (holding "[t]he conduct of an attorney

acting in his professional capacity while representing his client does not constitute action under color of state law for the purposes of § 1983."). There are no "well pleaded facts" in the Complaint that KLMR or Romano are state actors. Thus, the pleading requirement of Rule 8(a)(2) is not met here and the cause of action must be dismissed for failure to state a claim.[5]

### III. CONCLUSION

Based on the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss [Docket No. 3] is GRANTED, and Plaintiff's Complaint is DISMISSED with prejudice. The Clerk of Court is directed to close this case.

DATED this 12th day of February, 2013.

_____
DALE A. KIMBALL
United States District Judge

---

[5] The court finds that it is unnecessary to address whether the case should be dismissed under Rule 12(b)(7) for failure to join a party.